IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALBERT GEORGE STEER          :
                             :
                             :
        V.                   :  Civil Action No. 02-5017
                             :
KENNETH J. ELWOOD,           :
DISTRICT DIRECTOR,           :
I.N.S.                       :
                             :
        Respondent           :


GOVERNMENT'S RESPONSE TO PETITION
FOR WRIT OF HABEAS CORPUS

I.  INTRODUCTION

        This is an alien habeas corpus case. The

petitioner, Albert George Steer ("Steer"), is a native and

citizen of Jamaica. The immigration file is attached hereto

as Exhibit A.

        Geer last entered the United States via New York

City on November 4, 2000 as a Nonimmigrant Visitor for

Pleasure and was authorized to remain in the United States

for six months.  Geer remained in the United States beyond

the lawful period of admission.  On June 4, 2002 he was

arrested and found to be carrying more than eight pounds of

marijuana.  He was charged with Possession of a Controlled

Substance and Possession with Intent to Deliver a Controlled Substance and an INS detainer was lodged with the Montgomery County Correctional Facility.  Steer filed this habeas petition challenging his detention (Paragraph 9) on July 18, 2002, while concurrently administratively challenging his detention. The Immigration Judge ordered that Steer be removed from the United States to Jamaica on August 9, 2002 and on November 14, 2002 this became the final agency determination.  On January 31, 2003 Steer was deported to Jamaica from Philadelphia International Airport.  On July 21, 2003 this court ordered that the habeas petition be served on the United States and ordered that a response be filed within thirty days.

The petition complains solely of that Steer's detention violated both his procedural and substantive due process rights.  Because Steer's departure constitutes complete relief for his petition, there is no longer a "controversy" and this Court must dismiss it for lack of subject-matter jurisdiction.

II. <u>ARGUMENT</u>

Absent a "live" case or controversy, this Court should dismiss the petition pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction. <u>See</u> U.S.Const. Art. 3, § 2, cl. 1; <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); <u>Ruocchio v. United Transp. Union, Local 60</u>, 181 F.3d 376, 382 n.8 (3d Cir. 1999). An alien whose petition challenges physical detention is afforded complete relief when he is deported. Article III courts are precluded from ruling on wholly abstract matters, and there must be a live, ongoing dispute between the parties at all stages of the litigation. <u>County of Morris v. Nationalist Movement</u>, 273 F.3d 527, 533 (3d Cir. 2001). Absent a live dispute, the Court can grant no effective relief, and this power to grant effective relief is the touchstone of a case or controversy, and thus a requisite for jurisdiction under Article III. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d

Cir. 1996).

Petitioner is only complaining that his detention violates his rights, and as his detention has ended, this case is moot.   See Diaz v. Duckworth, 143 F3d 345 (7th Cir. 1998) (Deportation rendered moot the petitioner's habeas petition challenging his loss of 'good time' credit while in prison), Hose v. INS, 180 F3d 992, 996 (9th Cir. 1999) (deportation of alien rendered habeas petition seeking stay of deportation moot). cf.Chong v. District Director, INS, 264 F3d 378 (3d Cir., 2001) (deportation does not render challenge to order of removal moot because of collateral consequences flowing from removal order).

No collateral consequences flow from petitioner's detention and because the court can no longer affect the detention (it having ended) petitioner's claim is moot, and must be dismissed.

III. <u>CONCLUSION</u>

      For the foregoing reasons, the petition should be dismissed.

                          Respectfully,

                          PATRICK L. MEEHAN
                          United States Attorney


                          s/_____
                          SUSAN DEIN BRICKLIN
                          Assistant United States Attorney
                          Senior Litigation Counsel

Date: _____

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this date I caused a true and correct copy of the foregoing to be served by first-class United States mail, postage prepaid, upon the following:

     Albert George Steer
     C/o United States Embassy
     Jamaica Mutual Life Center
     2 Oxford Road, 3rd Floor
     Kingston, 5, Jamaica, W.I.


     s/_____
     SUSAN DEIN BRICKLIN
     Assistant United States Attorney

Date: _____